**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VANESSA GROSS,<br><br>        *Plaintiff,*<br><br>v.<br><br>CITY OF JERSEY CITY, et al.,<br><br>        *Defendants.* | Civil Action No. 18-9802<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

    Presently before the Court are motions to dismiss filed by (1) Defendants the City of Jersey City (the "City") and Steven McGill (together, the "City Defendants"), D.E. 20, and (2) Defendants Joseph Menendez and Mark A. Petrucelli (together, the "Individual Defendants"), D.E. 21. Defendants seek to partially dismiss Plaintiff's Second Amended Complaint (the "SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Vanessa Gross filed a brief in opposition, D.E. 23, to which Defendants replied, D.E. 24, 25.[1] The Court reviewed the parties' submissions and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, the City Defendants' motion to dismiss is **DENIED** and the Individual Defendants' motion to dismiss is **GRANTED**.

---

[1] The City Defendants' brief in support of their motion (D.E. 20-1) will be referred to as "City Defs. Br."; the Individual Defendants' brief in support of their motion (D.E. 21-1) with be referred to as "Ind. Defs. Br."; Plaintiff's opposition (D.E. 23) will be referred to as "Plf. Opp."; the City Defendants' reply (D.E. 25) will be referred to as "City Defs. Reply"; and the Individual Defendants' reply (D.E. 24) will be referred to as "Ind. Defs. Reply."

## I. FACTUAL[2] AND PROCEDURAL BACKGROUND

This case involves allegations that Plaintiff, a female firefighter with the Jersey City Fire Department, was subjected to discriminatory comments and retaliation because of her gender, military status, and her whistleblowing activities. Plaintiff, a member of the Arson Investigation Unit, maintains that Defendant Petrucelli, the Fire Captain of the unit and Plaintiff's superior officer, made a derogatory, sexist statement to her. Plaintiff told Petrucelli that she objected to his prior comment and Petrucelli allegedly made another derogatory statement in response. Plaintiff then complained about Petrucelli's conduct to Defendant Menendez, the Deputy Chief of the unit. Plaintiff further alleges that she was subject to harassment and retaliation because of her complaint. Plaintiff adds that she was subjected to discrimination and retaliation because she is a member of the United States Army National Guard.

Plaintiff initially filed suit in the Superior Court of New Jersey and Defendants removed the matter to this Court on May 30, 2018. Notice of Removal ¶ 2, D.E. 1. Plaintiff also filed an Amended Complaint (the "FAC") on May 30, 2018. D.E. 3. The FAC asserted the following claims: (1) violation of the New Jersey Conscientious Employee Protections Act ("CEPA"), N.J.S.A. 34:19-2(b); (2) sex and/or gender discrimination pursuant to the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.*; (3) military status discrimination pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and/or the LAD; (4) hostile work environment in violation of the LAD; and (5) aiding and abetting illegal discrimination. D.E. 3. On July 12, 2018, Defendants filed a joint motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 10. On May 15, 2019, this Court issued

---

[2] The factual background is taken from the SAC. D.E. 18. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

an Opinion and Order denying in part and granting in part Defendants' motion to dismiss (the "May 15 Opinion"). The Court permitted Plaintiff's gender-based CEPA claim to proceed as to the presently named Defendants except for McGill; dismissed the sex and/or gender discrimination and hostile work environment LAD claims in their entirety; dismissed Plaintiff's USERRA and military discrimination based LAD claim as to all Defendants except the City; and permitted Plaintiff's aiding and abetting military-status discrimination claim under the LAD to proceed against Petrucelli, Menendez and McGill. D.E. 17. The Court also provided Plaintiff with leave to file an amended complaint. *Id.*

Plaintiff filed the SAC on June 13, 2019. The SAC asserts the following claims: (1) a CEPA claim as to Plaintiff's complaints of discriminatory conduct in the workplace; (2) military status discrimination pursuant to USERRA and/or the LAD; and (3) aiding and abetting illegal discrimination against Menendez, Petrucelli and McGill. Defendants filed their motions to dismiss on July 11, 2019. The City Defendants seek to dismiss Count One of the SAC as to the City and McGill, and Count Two as to McGill. D.E. 20. The Individual Defendants seek to dismiss Count Two. D.E. 21. Plaintiff opposes both motions to dismiss. D.E. 23.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery

3

will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. ANALYSIS

#### A. CEPA CLAIM (Count One)

The City Defendants first argue that the CEPA claim should be dismissed as to McGill because Plaintiff fails to allege that she reported the alleged unlawful conduct to McGill or that McGill was even aware of the alleged unlawful conduct. City Defs. Br. at 5-7. As discussed in the May 15 Opinion, an employee carries the initial burden of establishing a *prima facie* case of retaliation. To establish a *prima facie* case under CEPA, a plaintiff must show that (1) she reasonably believed that her employer's conduct was violating a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) she performed a "whistleblowing" activity; (3) an adverse employment action was taken against her; and (4) there is a causal connection between the whistleblowing activity and the adverse employment action. *Dzwonar v. McDevitt*, 177 N.J. 451, 462 (2003). A causal connection cannot exist if a defendant was not aware of the whistleblowing activity. *See, e.g., Ambrose v. Township of Robinson*, 303 F.3d 488, 493-94 (3d Cir. 2002) (finding that if decisionmakers were unaware of protected speech,

4

"it could not possibly have been a substantial or motivating factor" in the adverse employment decision allegedly caused by the plaintiff's protected First Amendment activity).

Plaintiff pleads sufficient facts that demonstrate that McGill was aware of her whistleblowing activities. For example, Plaintiff pleads that in April 2018, McGill knew about the conflict with Plaintiff's military service and a training event for the Arson Unit. *See, e.g.*, SAC ¶ 47. Plaintiff also pleads that on April 23, 2018, Menendez denied Plaintiff's request to meet with Human Resources "to complain about the discriminatory practices at work" and that she was instead "ordered to report with her union representative" to McGill. *Id.* ¶ 50. Menendez reports to McGill. *Id.* ¶ 5. Viewing the SAC in a light most favorable to Plaintiff, the Court reasonably infers that McGill was aware of Menendez's decision on April 23. Finally, Plaintiff pleads that Menendez denied her request to go to the firing range on May 1, 2018 and that McGill was also aware of this decision.[3] *Id.* ¶ 51. Accordingly, viewing the SAC liberally, Plaintiff pleads a *prima facie* CEPA claim as to McGill. The City Defendants' motion, therefore, is denied on these grounds.

Next, the City Defendants contend that Plaintiff's gender-based CEPA claim must be dismissed as to them because the adverse employment decisions are only causally connected to her military-status whistleblowing activities. City Def. Br. at 7-9. Plaintiff alleges that sometime after Petrucelli called her a "baby back" on or about September 24, 2017, Plaintiff complained about Petrucelli's comment to Menendez. SAC ¶¶ 20-24. Plaintiff made an additional complaint to Menendez on November 28, 2017, *id.* ¶ 27, and on or about January 5, 2018, Menendez ordered

---

[3] In the May 15 Opinion, this Court already concluded that Plaintiff sufficiently pled retaliatory action under CEPA, and that when viewed in combination with other alleged retaliatory action, denying Plaintiff's request to go to the range amounted to retaliatory conduct. May 15 Opinion at 15.

5

Plaintiff to return from her military leave a day early. *Id.* ¶ 27. These facts are sufficient to plead a causal connection for Plaintiff's gender-based CEPA complaints at the motion to dismiss stage. *See, e.g., Rickerson v. Pinnacle Foods, Inc.*, No. 17-4469, 2017 WL 6034147, at *3 (D.N.J. Dec. 6, 2017) (concluding that the plaintiff showed a sufficient causal connection where there was a two-month gap between the plaintiff's complaint and firing). Accordingly, the City Defendants' motion is also denied on these grounds.

### B. MILITARY DISCRIMINATION CLAIM (Count Two)

In Count Two of the SAC, Plaintiff asserts a claim for military discrimination pursuant to the LAD and USERRA. The City Defendants maintain that Count Two must be dismissed as to McGill because he is not an employer under either statute. City Def. Br. at 9-10. The Individual Defendants argue that the USERRA claim must be dismissed as to them because Plaintiff fails to establish that they are employers under the USERRA. Ind. Def. Br. at 3-4.

The USERRA prohibits employers from discriminating against an employee on the basis of military service. 38 U.S.C. § 4311. An "employer" is defined under the USERRA as "any person, institution, organization, or other entity . . . that has control over employment opportunities." 38 U.S.C. § 4303(4)(A). In the May 15 Opinion, this Court determined USERRA only applies to "employers or those individuals who have the power to hire or fire the employee." May 15 Opinion at 6 (quoting *Coulson v. Town of Kearny*, No. 07-5893, 2010 WL 331347, at *7 (D.N.J. Jan. 19, 2010).[4] Plaintiff pleads that McGill is Plaintiff's superior in the chain of command

---

[4] Plaintiff contends that other courts have applied a broader definition of employer and that Defendants are relying on unpublished decisions that are not precedential or binding on this Court. Defendants cite to *Coulson* and *Brooks v. Fiore*, No. 00-803, 2001 WL 1218448, at *9 n.3 (D. Del. Oct. 11, 2001), which are not binding on this Court. The Court, however, cited to both opinions in the May 15 Opinion. Plaintiff did not file a motion for reconsideration of the May 15 Opinion. In addition, Plaintiff fails to cite to any binding authority that supports the broader definition she advances.

6

and has the power to "recommend major disciplinary actions, *terminate* or recommend the termination of employees, and oversees the Plaintiff's work environment." SAC ¶ 7 (emphasis added). Accordingly, Plaintiff pleads sufficient facts demonstrating that McGill is an employer under the USERRA for motion to dismiss purposes. The City Defendants' motion is denied on these grounds.

Plaintiff, however, fails to adequately allege that Petrucelli and Menendez held similar authority over Plaintiff's position. Plaintiff pleads that Menendez had the "authority to implement and recommend discipline and training of officers," *id.* ¶ 5, and that Petrucelli could "recommend[] the hiring, firing, promoting, demoting and/or disciplining of employees," *id.* ¶ 6. Thus, Petrucelli and Menendez are not employers under the USERRA as Plaintiff fails to plead that they had the ability to hire and fire; instead they could make recommendations as to hiring and firing. Consequently, the Individual Defendants' motion to dismiss is granted.

As for Plaintiff's military discrimination claim under the LAD, this Court previously dismissed Plaintiff's LAD discrimination claims, pursuant to N.J.S.A. 10:5-12(a), against the Individual Defendants because the Individual Defendants are not employers under the LAD. May 15 Opinion at 7 (citing *Tarr v. Ciasulli*, 181 N.J. 70, 83 (2004)). In the SAC, Plaintiff asserts a claim pursuant to N.J.S.A. 10:5-12(d), the LAD anti-retaliation provision. The anti-retaliation provision "deems it unlawful for 'any person to take reprisals against any person because that person has opposed any practices or acts' which the Act prohibits." *Cortes v. Univ. of Med. & Dentistry of N.J.*, 391 F. Supp.2d 298, 314 (D.N.J. 2005) (citing N.J.S.A. 10:5-12(e)); *see also Jamison v. Rockaway Twp. Bd. of Educ.*, 242 N.J. Super. 436, 445 (App. Div. 1990) (explaining that the anti-retaliation provision of the LAD makes it unlawful "when an employer, or an employee, for any reason, takes reprisal against another employee because the latter has challenged

7

any practices or acts forbidden by the LAD"). Unlike a discrimination claim under the LAD, the anti-retaliation provision "expressly contemplates direct liability for individual supervisory employees." *Cortes*, 391 F. Supp.2d at 314; *compare* N.J.S.A. 10:5-12(a) (prohibiting conduct of "employers"), *with* N.J.S.A. 10:5-12(d) (prohibiting conduct of "any person"). As discussed, Plaintiff sufficiently pleads that McGill is a supervisor. As a result, Plaintiff adequately asserts a claim for retaliation under the LAD against McGill.[5]

### IV.  CONCLUSION

For the reasons stated above, the City Defendants' motion to dismiss (D.E. 20) is **DENIED** and the Individual Defendants' motion to dismiss (D.E. 21) is **GRANTED**. The dismissal is without prejudice and Plaintiff is granted leave to file an Amended Complaint. Plaintiff has thirty (30) days to file an Amended Complaint, if she so chooses, consistent with this Opinion. If Plaintiff fails to file an Amended Complaint, the dismissal will be with prejudice. An appropriate Order accompanies this Opinion.

Dated: March 13, 2020

                                                   _____
                                                   John Michael Vazquez, U.S.D.J.

---

[5] Because it was not raised by the parties, the Court is not addressing the merits of Plaintiff's anti-retaliation claim under the LAD or whether she can assert this claim in light of her CEPA claim.