## Goldman Davis Krumholz & Dillon, P.C.

*Attorneys at Law*
A Professional Corporation
Three University Plaza | Suite 410 | Hackensack, New Jersey 07601
Phone 201-488-2600 | Telecopier 201-488-5059
www.goldmandavis.com

Steven L. Davis
Evan L. Goldman +
Alan L. Krumholz (1956-2020)
Paula M. Dillon
Kristen W. Ragon *
Barry D. Wein
Kelly A. Smith *
* (N.J. & N.Y. Bars)
+ (Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney)

Jersey City Office
648 Newark Ave
Jersey City, New Jersey 07306
Phone 201-656-5232
*Reply to Hackensack Office*

August 12, 2021

Magistrate Judge Andre M. Espinosa
United States District Court
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   **Vanessa Gross v City of Jersey City and Steven McGill, individually**
      **Civil Action No.:   2:18-cv-09802-JMV-JBC**

Dear Magistrate Judge Espinosa:

This firm represents the Plaintiff, Vanessa Gross, in the above matter. In accordance with the Amended Scheduling Order dated August 10, 2021, Plaintiff hereby submits her supplemental briefing on the motion to quash and/or for a protective order relating to the six (6) subpoenas served on Plaintiff's current employer, the U.S. Government, and the two (2) subpoenas served on her former employers by Defendants. The subpoenas were provided to the Court under separate cover on August 4, 2021. Plaintiff relies on the argument set forth in the position statements of July 23rd, 2021, and adds the following argument.

**A.  Defendants' Third-Party Subpoenas Improperly Intrudes on Plaintiff's Privacy Rights**
While Plaintiff acknowledges the broad scope of Fed. R. Civ. P. 26, it is also true that "[d]iscovery is not a fishing expedition for potential claims or defenses." Robinson v. Horizon Blue Cross-Blue Shield of New Jersey, No. 12-2981, 2013 WL 6858956, *2 (D.N.J. December 23, 2013); see also Claude P. Bamberger Intern., Inc. V. Rohm and Haas Co., C.A. No. 961041,

Page 2

1998 WL 684263, at *2 (D.N.J. April 1, 1998) ("while the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so." )

In addition to the previous arguments, the third-party subpoenas should be quashed as Plaintiff has a privacy interest in the military and employment records sought, as they are "personal" in nature. In Boykins v. Inventiv Commercial Servs., LLC, Civil Action No. 11-7354 (PGS) (D.N.J. Feb. 4, 2014), the court denied Defendants demand for the entire personnel file of Plaintiff from New Jersey Transit. While Fed. R. Civ. P. 26 permitted broad discovery, the court held that "the right to discovery may be limited where privacy interests are concerned. Defendants' request [is] overly broad and intrudes into Plaintiff's privacy interests." Id., at *4.

In Hashem v. Hunterdon Cnty., Civil Action No. 15-585 (FLW)(DEA), at *3 (D.N.J. May 18, 2017), Magistrate Judge Arpert granted Plaintiff's motion to quash the release of Plaintiff's employment and educational records, holding that "the mere possibility that Defendants may discover such evidence *does not justify* a wide-ranging fishing expedition into records that will contain a great deal of irrelevant and personally-sensitive information." Id., at *6. (Emphasis added). The court held that the subpoenas were not limited to the "subject matter relevant to the claims or defenses in this action." Id., at *6. Similarly, the records sought by Defendants in this matter are broad, and have no relevance to the claims and/or defenses in this case.

**B. The Subpoenas Seek Information Which Will Not Lead To The Discovery of Admissible Evidence.**

Various courts have held that prior employment records are not discoverable in litigation unrelated to that prior employment. Here, there has been no evidence presented that Plaintiff's employment at the Hudson County Probation and Sheriff's Office has any relation to her claims

Page 3

of discrimination and retaliation against the Jersey City Fire Department. In <u>EEOC v. Princeton Healthcare System,</u> 2012 WL 1623870, at *6, *24 (D.N.J. 2012), the court cautioned, "'[i]f filing what...[appears to be] a fairly routine case alleging individual employment discrimination opens up the prospect of discovery directed at all previous, current, and prospective employers, there is a *serious risk that such discovery can become an instrument of delay or oppression.*'" (Emphasis added) (quoting <u>Perry v. Best Lock Corp.,</u> 199 WL 33494858 (S.D. Ind. Jan. 21, 1999); <u>Premer v. Corestaff Services, L.P.,</u> 232 <u>F.R.D.</u> 692 (M.D. Fla. 2005); <u>Zubulake v. UBS Warburg LLC,</u> 382 <u>F.Supp.2d</u> 536, 543 (S.D.N.Y. 2005).

   The defendant in <u>Premer v. Corestaff Services, L.P., supra.,</u> much like the defendants in the case at bar, argued that the information sought through the issuance of subpoenas on Plaintiff's former employers was "relevant and reasonably calculated to lead to admissible evidence and to test the veracity of Plaintiff's future deposition testimony and written discovery responses." 232 <u>F.R.D.</u> at 693. U.S. Magistrate Judge Pizzo *rejected* that argument and held that the defendant was not entitled to such "overly intrusive and unnecessary" discovery absent information supporting the need to question plaintiff's credibility or its suspicions. <u>Id.</u> While the court in <u>Premer</u> permitted "limited production" from the former employer due to a "discrepancy" between Plaintiff's employment application and interrogatory responses, such is not the case here where the court is asked to rely on alleged statements from two third-party witnesses, without providing any statements or supporting certifications. This court should not countenance Defendants' attempt to "...undertake extensive discovery into an employee's background or performance on the job..." based on undocumented *allegations*. <u>McKennon v. Nashville Banner Publishing Co.,</u> 513 U.S. 352, 363 (1995). Rather, this court should follow other district courts who have limited the employers' "fishing-expedition style" of discovery.

Page 4

(Citations omitted); Premer, 232 F.R.D. at 693. "...[T]he mere possibility that Defendants may discover such evidence does not justify a wide-ranging fishing expedition into records that will contain a great deal of irrelevant and personally-sensitive information." Hashem, supra, at *6.

Federal Courts have repeatedly quashed subpoenas that were based on a party's suspicion or speculation. See Saller v. QVC, Inc., Civil Action No. 15-2279, 2016 WL 8716270, at *5 (E.D. Pa. June 24, 2016) ("Subpoenaed information is not relevant to subject matter involved in the pending action if the inquiry is based on the party's *mere suspicion or speculation*." (Emphasis added)). In Hashem, Magistrate Arpert refused to permit the issuance of several third-party subpoenas writing: "Here, the basis for Defendants' subpoenas to Plaintiff's current employer as well as to Plaintiff's former employer is just that - *suspicion and speculation*. Thus, it is *improper to permit a sweeping inquiry into all of Plaintiff's employment records.*" (Emphasis added). Id., *5

Defendants have not and cannot demonstrate any legitimate discovery purpose for why the subpoenaed information is relevant to the particular claims or defenses. Other than asserting generalized and unsubstantiated claims of relevance, defendant has failed to provide any factual or binding legal support demonstrating its entitlement to broad access to records from Plaintiff's current employer, the U.S. Government, and former employers, the Hudson County Prosecutor's Office and Sheriff's Office. There records are not relevant to Plaintiff's discrimination claims, and span several years. Simply because the defendants "...could find something potentially relevant or that could be used as impeachment evidence", is not sufficient to permit the issuance of the subpoenas. Hashem, supra, *6.

Page 5

## C. Conclusion.

While Plaintiff opposes the issuance of *any* subpoenas to Plaintiff's current employer, the U.S. Military, based on the arguments made in the July 23, 2021 briefing and herein, should the court determine that defendants are entitled to some records, the scope of the request should be limited as set forth in Defendants' opposition argument of July 23rd seeking information "in two areas." (1) relating to "Orders for military training, exercises and/or deployments"; and (2) "custom of retaliatory accusing superiors of discrimination and/or harassment." These requests are much narrower than the broad subpoenas originally served. Therefore, it appears that even by its own admission, Defendants would not be opposed to narrowing the scope of the subpoenas should the court so order.

Plaintiff similarly opposes the issuance of *any* subpoenas on Plaintiff's former employers based on the previous arguments. However, should the Court deny Plaintiff's motion to quash, these subpoenas should also be narrowly tailored.

                              Respectfully yours,
                              GOLDMAN DAVIS KRUMHOLZ & DILLON, PC

                              By: *[signature]*
                                    PAULA M. DILLON

PMD/pd
cc: Eric Magnelli, Esq.
     Dominick Bratti, Esq.
     Daniel T. Paxton, Esq.